Teitelbaum Law Group, LLC
*Attorneys for Tri-State III LLC*
1 Barker Avenue, 3rd Floor
White Plains, New York 10601
Tel: (914) 437-7670
Email: jteitelbaum@tblawllp.com
Jay Teitelbaum, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
─────────────────────────────────────X

| | |
|---|---|
| In re: | Chapter 7 |
| CAREN LITKOWSKI, | Case No. 19-22587 (RDD) |
| Debtor. | |

─────────────────────────────────────X

**EMERGENCY MOTION FOR HEARING ON SHORTENED NOTICE**

1. Tri-State III LLC ("**Tri-State**" or "**Movant**"), by its counsel, Teitelbaum Law Group, LLC ("**TLG**") hereby moves under 11. U.S.C. § 362(f) for a hearing on March 21, 2019, at 10:00 a.m. on the annexed motion (the "**Motion**") seeking an order pursuant to Sections 105 and 362(d)(1), (d)(2), and (d)(4)(b) of Title 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") and Rule 4001 of the Federal Bankruptcy Rules of Procedure, (a) vacating the automatic stay as it applies to that certain property identified as 196 Grandview Avenue, Monsey, New York 10952 (the "**Premises**") and allowing Movant to (i) file a motion in state court seeking the extension of the notice of pendency on the Premises and (ii) proceed with a foreclosure sale of the Premises; (b) granting Movant *in rem* relief with regard to the Premises such that any future bankruptcy filings by this debtor and/or any other person or entity claiming any interest in the Premises, within two years of the entry of an order granting this Motion, shall not affect the Premises or Movant's state law rights with respect to the Premises; and (c) granting Movant such other and further relief as the Court deems just and proper.

2. As set forth in the annexed Motion, the filing of the instant bankruptcy petition is the second time Debtor has filed a bankruptcy case immediately prior to a duly noticed foreclosure sale of the Premises, causing a cancellation of the sale. The current foreclosure sale was scheduled for Monday, March 11, 2019 at 10:00 a.m. This case was filed at 3:32 p.m. on Friday, March 8, 2019. Notice of the bankruptcy filing was provided at approximately 4:39 p.m. *via fax only even though Debtor's counsel has communicated with TLG via email countless times over the years – including during the pendency of the previous bankruptcy case that she filed on behalf of this Debtor.*

3. The instant case is filed in bad faith with a false and fraudulent petition and in derogation of prior orders of this Court and the State Court to hinder, defraud and delay creditors.

4. By way of example, the Debtor (i) lists the Premises as Debtor's residence, though her prior Chapter 13 petition listed her residence as 86 Rose Valley Road, Monticello, New York 12701; and (ii) lists the Tri-State lien as unsecured despite the Foreclosure Judgment, two orders of the State Court and this Court's prior order granting relief from the stay.

5. As more fully detailed in the Motion, since Debtor's last bankruptcy case, she has engaged in tactics to delay the foreclosure sale of the Premises, including seeking the dismissal of Movant's foreclosure action after a judgment of foreclosure and sale was entered and filing a baseless demand for arbitration before a Beit Din religious tribunal. Movant opposed the demand for arbitration and obtained an order permanently enjoining such arbitration.

6. Movant's right to foreclose has been delayed for years by Debtor's tactics. Movant has been paying all taxes on the property. Debtors have either been renting the property without any cost, or, as is now claimed, living at the property rent free. Movant has incurred substantial legal expense responding to and defeating frivolous motions before this Court and the State Court.

Movant has incurred substantial expense noticing and re-noticing the foreclosure sale. The Debtor has no equity in the property and no basis to delay Movant for one minute more.

7. Moreover, Movant must seek, on an emergency basis, an order from the State Court extending the current Notice of Pendency before its expiration on April 18, 2019.

8. Movant is also required to re-publish notice of the sale over 3-4 weeks. Scheduling a motion on ordinary notice will also prejudice Movant and cause yet more carrying costs as Movant is paying the property taxes as they come due, despite the fact that Debtor hasn't made a payment on the property in over a decade. Because the value of the Premises is less than the amount already due, Tri-State is irreparably harmed by further delay which results in additional cash outlays. In addition, normal noticing procedures will result in a substantial delay in the ability to remarket the property and may substantially impair the value which can be obtained at a sale, as Movant has no access to Premises to ascertain whether it is being properly maintained; therefore, Tri-State's collateral is at risk every day it is not in control of the Premises.

9. Accordingly, Tri-State requests an expedited hearing on shortened notice pursuant to 11 U.S.C. § 362(f).

10. Tri-State requests that the Court schedule a hearing on the Motion for March 21, 2019, at 10:00 a.m. or such other date as the Court may establish.

Dated: March 13, 2019

**TEITELBAUM LAW GROUP, LLC**
*Attorneys for Tri-State III LLC*

By:     /s/  Jay Teitelbaum
Jay Teitelbaum, Esq.
1 Barker Avenue, Third Floor
White Plains, New York 10601
Tel: (914) 437-7670
Email: jteitelbaum@tblawllp.com