Teitelbaum Law Group, LLC
*Attorneys for Tri-State III LLC*
1 Barker Avenue, 3rd Floor
White Plains, New York 10601
Tel: (914) 437-7670
Email: jteitelbaum@tblawllp.com
Jay Teitelbaum, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
―――――――――――――――――――――――X

In re:                                                                          Chapter 7

    CAREN LITKOWSKI,                                  Case No. 19-22587 (RDD)

                      Debtor.
―――――――――――――――――――――――X

**DECLARATION OF JAY TEITELBAUM, ESQ. IN SUPPORT OF TRI-STATE III LLC'S MOTION PURSUANT TO 11 U.S.C. §§ 105 and 362(d)(1), (d)(2), and (d)(4) and BANKRUPTCY RULE 4001 FOR THE ENTRY OF AN ORDER (a) MODIFYING THE AUTOMATIC STAY AND (b) GRANTING *IN REM* RELIEF**

    **JAY TEITELBAUM,** an attorney duly admitted to practice law in the State of New York and before this Court, hereby declares under penalty of perjury as follows:

    1.    I am the principal of Teitelbaum Law Group, LLC, attorneys for Tri-State III LLC ("**Tri-State**" or "**Movant**") in this bankruptcy case and, as such, am fully familiar with the facts, circumstances and proceedings herein.

    2.    I make this affidavit in support of Tri-State's motion (the "**Motion**") for an order, pursuant to Sections 105 and 362(d)(1), (d)(2), and (d)(4) of Title 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") and Rule 4001 of the Federal Bankruptcy Rules of Procedure, (a) modifying the automatic stay, pursuant to Bankruptcy Code §§362(d)(1) and (2) as it applies to that certain property identified as 196 Grandview Avenue, Monsey, New York 10952 (the "**Premises**") to allow Movant and/or Movant's successors and assigns to (i) seek an

order from the New York State Supreme Court Rockland County, pursuant to N.Y.C.P.L.R. 6513 extending that certain notice of pendency filed against the Premises and which expires April 18, 2019 (the "**Notice of Pendency**") for a period of three years in connection with that certain judgment of foreclosure and sale entered in favor of Movant in connection with the Premises on May 8, 2017 (the "**Foreclosure Judgment**"); and (ii) exercise its rights as the owner and holder of the Note and Mortgage described herein and in the Foreclosure Judgment, including to conduct the foreclosure sale of the Premises and proceed with the eviction of occupants of the Premises, including the Debtor; (b) granting Movant *in rem* relief pursuant to Bankruptcy Code §362(d)(4) with regard to the Premises such that any future bankruptcy filings by this debtor and/or any other person or entity claiming any interest in the Premises, within two years of the entry of an order granting this Motion, shall not affect the Premises or Movant's state law rights with respect to the Premises; and (c) granting Movant such other and further relief as the Court deems just and proper.

3. The Debtor has had the use and/or occupancy of the Premises without having made a single payment on account of the Note and Mortgage for over 10 years. This is the Debtor's second filing on the eve of a foreclosure sale to hinder, delay and defraud Movant's rights as the holder and owner of the Foreclosure Judgment. This filing, like the prior one which was dismissed for failure to prosecute after Movant obtained relief from the automatic stay, is filed in bad faith and for no lawful purpose. Indeed, as detailed below, the Debtor's petition is false, fraudulent and misleading. The filing follows Debtor's unsuccessful efforts in the State Court to stop the foreclosure sale. Debtor and Debtor's counsel have engaged and will continue to engage in vexatious, contumacious and unethical behavior without regard for the rights of Movant or the

rule of law. It is for this reason that Movant seeks *in rem* relief and will be seeking sanctions against counsel for the Debtor.

4. In addition, as a result of this filing, Movant must seek, on an emergency basis, an order from the State Court extending the current Notice of Pendency before its expiration on April 18, 2019.

## THE FILING AND POST-FILING CONDUCT SMACK OF BAD FAITH

5. Copies of the documents detailing the case *Tri-State III LLC v. Caren Litkowski, Nathan Litkowski a/k/a Nathan Litchkowsky, National City Bank, "John Doe" and Jane Doe"*, Index No. 33977/20116 (the "**Foreclosure Action**"), including the Foreclosure Judgment are collectively annexed to the Affidavit of Jonathan Cuticelli dated March 12, 2019 (the "**Tri-State Affidavit**"), which is submitted herewith.[1]

*Debtor's 2017-2018 Bankruptcy Case*

6. On June 19, 2017 (the "**2017 Petition Date**"), the day before the scheduled June 20, 2017 foreclosure sale of the Premises (the "**First Foreclosure Sale**"), Debtor filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code in the case: *In re Caren Litkowski,* 17-22964 (RDD) (the "**2017 Case**"). A copy of Debtor's 2017 Chapter 7 Petition is annexed hereto as **Exhibit 1**.

7. The First Foreclosure Sale was cancelled due to filing of the 2017 Case.

8. Attorney Tirelli represented the Debtor in the 2017 Case.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Tri-State Affidavit.

9. Based upon a review of the docket in the 2017 Case, the Debtor failed to file any schedules with the Chapter 7 Petition. Rather, on July 19, 2017, Debtor filed a motion to convert the Chapter 7 case to one under Chapter 13. (2017 Case ECF Doc No. 13 and 14).

10. On October 10, 2017, Tri-State filed a motion to dismiss the Debtor's 2017 bankruptcy case (2017 Case, ECF Doc. No. 25)

11. On October 13, 2017, Tri-State filed an objection to confirmation of the Debtor's Chapter 13 Plan. (2017 Case, ECF Doc. No. 27).

12. On November 13, 2017, Tri-State filed an adversary complaint captioned *Tri-State III, LLC v. Caren Litkowski,* Case No. 17-08324, wherein Movant objected to the dischargeability of its debt pursuant to Bankruptcy Code §523 (2017 Case, ECF Doc. No. 31) (the "**Adversary Proceeding**")

13. In the Adversary Proceeding, Movant filed a Statement pursuant to Fed. R. Civ. P. 7.1 and Bankruptcy Rule 7007.1 disclosing that Tri-State III LLC was a wholly owned subsidiary of Racebrook Capital Advisors. (Adversary Proceeding ECF Doc No. 2).

14. On or about March 28, 2018, the Adversary Proceeding was voluntarily dismissed. (Adversary Proceeding ECF Doc No. 9).

15. On November 15, 2017, Tri-State filed a motion for relief from the stay with respect to the Premises based upon the Foreclosure Judgment (2017 Case, ECF Doc. No. 32).

16. On the identical facts and circumstances of the instant motion, on January 12, 2018, this Court entered an order granting Tri-State relief from the stay and related relief. A copy of this order is annexed hereto as **Exhibit 2**.

4

17. On May 11, 2018, the 2017 Case was dismissed upon oral application of the trustee for, among other things, the Debtor having created unreasonable delay that is prejudicial to creditors and proposing a plan that was not feasible. (2017 Case ECF Doc No. 44).

*State Court Proceedings Post Stay Relief*

18. Tri-State noticed a second foreclosure sale of the Premises for March 8, 2018; however Tri-State cancelled that sale date and submitted a motion to the state court seeking the addition of certain parties to the foreclosure action. Copies of the state court motion papers (without exhibits) are annexed hereto as **Exhibit 3**.

19. Tri-State determined that there were certain liens of record which appeared to be unenforceable or otherwise satisfied which had not been identified in the original foreclosure sale as a result of clerical inadvertence. Tri-State served all the proposed additional parties with the motion to amend the foreclosure and none appeared in the case.

20. The sole opposition to the motion to amend was by the Debtor and her husband who sought dismissal of the entire foreclosure action. A copy of the affirmation in opposition is annexed hereto as **Exhibit 4**.

21. On January 28, 2019, the state court found the Debtor's arguments wholly unpersuasive and, while denying the motion to add parties, determined that Tri-State, as the holder of the Foreclosure Judgment had the right to proceed with the foreclosure sale and, in fact, ordered that the referee conduct the foreclosure sale of the Premises within 60 days of that order. A copy of this order is annexed hereto as **Exhibit 5**.

22. At the same time, Debtor and her husband served a letter dated March 5, 2018 demanding arbitration before a Rabbinical Tribunal known as a Beith Din (the "**Arbitration Notice**"). A copy of the Arbitration Notice is annexed hereto as **Exhibit 6**.

5

23. Unable to convince counsel to withdraw the Arbitration Notice, on March 19, 2018, counsel for Tri-State filed a Petition and Order to Show Cause pursuant to C.P.L.R. 7503(c) seeking a temporary and permanent injunction of the arbitration. Copies of the petition and related documents (without exhibits) are collectively annexed hereto as **Exhibit 7** (the "**Article 75 Petition**").

24. The Debtor and her husband opposed the Article 75 Petition. A copy of the opposition is annexed hereto as **Exhibit 8**.

25. The state court granted the preliminary injunction on April 3, 2018 and the permanent injunction by decision and order dated January 28, 2019. The state court also awarded Tri-State costs and disbursements. Copies of these orders are annexed hereto respectively as **Exhibits 9 and 10**.

26. The third foreclosure sale was noticed by Tri-State for Monday March 11, 2019 (the "**Third Foreclosure Sale**") pursuant to the Foreclosure Judgment and the State Court Order of January 28, 2019 directing Tri-State to proceed with a foreclosure sale. A copy of the notice of the sale with proof of service on the parties is annexed hereto as **Exhibit 11**.

*The 2019 Bankruptcy Case*

27. On March 8, 2019 at 3:32 p.m., the Friday before the Third Foreclosure Sale, attorney Tirelli filed a voluntary petition under Chapter 13 to commence the instant bankruptcy case (the "**2019 Case**"). A copy of the petition (the "**2019 Petition**") is annexed hereto as **Exhibit 12**.

28. At approximately 4:39 p.m. on March 8, attorney Tirelli sent notice of the bankruptcy filing to this office via fax. A copy of the faxed notice is annexed hereto as **Exhibit 13**.

6

29. As this Court is aware, Attorney Tirelli and this office have been opposing counsel in many matters before this Court. There is no doubt that Attorney Tirelli has my email address and my telephone number. From the 2017 Case and the state court proceedings, including the Notice of Sale, Attorney Tirelli knew this firm was representing Tri-State. The only explanation for sending the notice via fax rather than email or a phone call was a hoped for "gotcha" in that maybe my office would miss the fax on a Friday afternoon and proceed with the foreclosure sale Monday morning. Moreover, I immediately called Attorney Tirelli and followed up with an email. A copy of this email is annexed hereto as **Exhibit 14.** Attorney Tirelli never returned the phone message or my email.

30. Rather, on March 11, 2019 at approximately 1:42 p.m. I received an email from Mr. Jonathan Cuticelli, my client, advising that Ms. Tirelli called him directly asking questions about Tri-State. A copy of this email is annexed hereto as **Exhibit 15.**

31. I immediately emailed Attorney Tirelli about this improper and unethical conduct to which she responded that she believed that Racebrook was the creditor. Copies of these emails are collectively annexed hereto as **Exhibit 16.**

32. Attorney Tirelli's email response that she did not know who my client was strains credulity to the breaking point. Attorney Tirelli represented the Debtor in the 2017 Case and had actual knowledge from the pleadings therein, including the MFR supported by Mr. Cuticelli's affidavit and Rule 7.1 Statement filed in the Adversary Case, exactly who Tri-State and Racebrook were, exactly who Mr. Cuticelli was and that they were represented by this firm. Moreover, the Notice of Sale which indisputably prompted the filing of this case provided actual notice of Tri-State as the foreclosing creditor and this office as counsel.

33. As if that were not enough, a review of the Petition reveals that it is a false, fraudulent and misleading pleading filed under penalty of perjury solely to hinder, delay and defraud Tri- State and to defraud and use this Court. The Petition in the 2019 Case:

- Does not list any material unsecured claims.

- Lists EAB American Bank and Olympian Mortgage as disputed secured creditors with liens against the Premises, but with claims in the amount of $0.00. However, Debtor knows that these liens and claims have been satisfied or are unenforceable. In fact, in the 2017 Case, the Debtor's Schedule D (2017 Case ECF Docket No. 22) does not list either party as a secured creditor and only lists Tri-State with a disputed claim secured by the Premises in the amount of $0.00. *Id.*

- Lists Tri-State, a secured creditor with a judgment of foreclosure and sale which this Court recognized in the 2017 Case, *as an unsecured creditor with a disputed claim in the amount of $0.00*.

34. Tri-State intends to separately pursue sanctions against Attorney Tirelli for her ethical violations and bad faith filing of this case.

35. Recognizing that the Debtor was ineligible to be a Debtor under Chapter 13, on March 11, 2019, counsel filed a notice of conversion to Chapter 7. (ECF Doc No. 5).

36. The Debtor has scheduled the value of the Premises as $500,000 (ECF Doc No 1 at Schedule D).

**DEBTOR HAS NO EQUITY IN THE PREMISES AND YET AGAIN IMPROPERLY TREATS TRI-STATE'S CLAIM IN HER PETITION AND SCHEDULES**

37. The Debtor admits that the value of the Premises is $500,000.00. (ECF Doc. No. 1 at Schedule D). This is consistent with the Debtor's representation from the 2017 Case wherein Debtor alleged that the value of the Premises was $500,000 based upon a paid appraisal dated July

8

28, 2017. A copy of Section D of the Chapter 13 Plan is annexed hereto as **Exhibit 17** (2017 Case ECF Doc No. 19 Section D, Category 4 of the Chapter 13 Plan).

38. Tri-State accepts the Debtor's valuation for purposes of this motion.

39. Pursuant to the Foreclosure Judgment, the amount of Tri-State's claim is not less than $1,039,872.10 plus interest from May 1, 2016, as well as fees and costs.

40. The Debtor has no equity in the Premises.

41. As this is a Chapter 7, there is no reorganization.

### *IN REM* RELIEF IS NECESSARY AND APPROPRIATE TO ADDRESS DEBTOR'S CONDUCT AND TO PROTECT TRI-STATE'S RIGHTS IN THE PREMISES

42. The Debtors have engaged in fraud, delay and unscrupulous tactics to retain the Premises for over 10 years without a single mortgage payment. Tri-State continues to accrue interest and pay legal fees, foreclosure costs and taxes to protect its interest in the Premises. Tri-State continues to be irreparably harmed as the debt climbs ever greater than the value of the Premises.

43. As a result of the Debtor's tactics, Tri-State now faces a potential lapse in the Notice of Pendency and must make an emergency motion by Order to Show Cause for an extension of the Notice of Pendency. Tri State must re-notice the sale and wait for the next shoe to drop with this Debtor.

44. Absent immediate and *in rem* relief, the Debtor will be free to continue to engage in its fraudulent and contumacious conduct.

### CONCLUSION

45. As set forth herein, in the Tri-State Affidavit and in the accompanying memorandum of law, cause exists pursuant to Bankruptcy Code §§105 and 362(d)(1), (d)(2), and

9

(d)(4) and Rule 4001 of the Federal Bankruptcy Rules of Procedure, for an order (a) modifying the automatic stay as it applies to the Premises.

**WHEREFORE,** Movant respectfully requests that this Court grant the Motion:

- Pursuant to Sections 105 and 362(d)(1), (d)(2), and (d)(4) of Title 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") and Rule 4001 of the Federal Bankruptcy Rules of Procedure, (a) modifying the automatic stay, pursuant to Bankruptcy Code §§362(d)(1) and (2) as it applies to the Premises to allow Movant and/or Movant's successors and assigns (i) to seek an order from the New York State Supreme Court Rockland County, pursuant to N.Y.C.P.L.R. 6513 extending the Notice of Pendency filed against the Premises and which expires April 18, 2019 for a period of three years in connection with the certain Foreclosure Judgment; (ii) exercise its rights as the owner and holder of the Note and Mortgage described herein and the Foreclosure Judgment, including to conduct the foreclosure sale of the Premises and proceed with the eviction of occupants of the Premises, including the Debtor; (b) granting Movant *in rem* relief pursuant to Bankruptcy Code §362(d)(4) with regard to the Premises such that any future bankruptcy filings by this debtor and/or any other person or entity claiming any interest in the Premises, within two years of the entry of an order granting this Motion, shall not affect the Premises or Movant's state law rights with respect to the Premises; and (c) granting Movant such other and further relief as the Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 13th day of March, 2019

                                                  ___/s Jay Teitelbaum_____
                                                        Jay Teitelbaum, Esq.