Teitelbaum Law Group, LLC
*Attorneys for Tri-State III LLC*
1 Barker Avenue, 3rd Floor
White Plains, New York 10601
Tel: (914) 437-7670
Email: jteitelbaum@tblawllp.com
Jay Teitelbaum, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
─────────────────────────────────X

In re:                                          Chapter 7

    CAREN LITKOWSKI,                  Case No. 19-22587 (RDD)

                    Debtor.
─────────────────────────────────X

**AFFIDAVIT OF JONATHAN CUTICELLI IN SUPPORT OF TRI-STATE III LLC'S MOTION PURSUANT TO 11 U.S.C. §§ 105 and 362(d)(1), (d)(2), and (d)(4)(B) and BANKRUPTCY RULE 4001 FOR THE ENTRY OF AN ORDER MODIFYING THE AUTOMATIC STAY AND ALLOWING TRI-STATE III TO PROCEED WITH EXTENDING THE NOTICE OF PENDENCY AND PROCEEDING WITH THE FORECLOSURE SALE WITH RESPECT TO 196 GRANDVIEW AVENUE, MONSEY, NEW YORK; and GRANTING *IN REM* RELIEF**

STATE OF NEW YORK    )
                         ) SS.:
COUNTY OF NEW YORK    )

I, Jonathan Cuticelli, being duly sworn, hereby state under penalty of perjury:

1.    I am a Director of Tri-State III LLC ("**Tri-State**"), a secured creditor in this case, and I am authorized to make this affidavit in support of Tri-State's motion (the "**Motion**") for an order, pursuant to Sections 105 and 362(d)(1), (d)(2), and (d)(4)(b) of Title 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") and Rule 4001 of the Federal Bankruptcy Rules of Procedure, (a) vacating the automatic stay as it applies to that certain property identified as 196 Grandview Avenue, Monsey, New York 10952 (the "**Premises**") and allowing Movant to (i)

1

obtain an order pursuant to CPLR § 6513 extending the Notice of Pendency filed in April 2016, which expires on April 18, 2019; and (ii) conduct a foreclosure sale of the Premises pursuant to a judgment of foreclosure entered by the New York State Supreme Court, Rockland County; (b) granting Movant *in rem* relief with regard to the Premises such that any future bankruptcy filings by this debtor and/or any other person or entity claiming any interest in the Premises, within two years of the entry of an order granting this Motion, shall not affect the Premises or Movant's state law rights with respect to the Premises; and (c) granting Movant such other and further relief as the Court deems just and proper.

2. I make this affidavit based on my review of Tri-State's business records and personal knowledge of the facts.

3. I make this affidavit to hopefully finally put an end to Debtor's and Debtor's counsel's abuse of the judicial process to delay and defraud creditors. This case is not only the second filed by the Debtor on the eve of a foreclosure sale, it is the latest stall and delay tactic which has allowed the Debtor to use or occupy the Premises for over ten years without making a single mortgage payment.

**TRI-STATE IS THE SECURED CREDITOR WITH RESPECT TO THE PREMISES**

4. As set forth in the declaration of Jay Teitelbaum (the "**Teitelbaum Declaration**") submitted herewith, counsel for the Debtor is seemingly raising an issue as to Tri-State's status as a secured creditor with respect to the Premises. Notwithstanding the fact that the State Court granted Tri-State a Foreclosure Judgment, Tri-State has provided ample proof to the State Court and to this Court that it is the secured creditor with respect to the lien at issue.

5. First, Racebrook fully disclosed its ownership of Tri-State in the Rule 7.1 Statement filed with this Court in the adversary proceeding captioned *Tri-State III LLC v. Caren Litkowski*

(Adv. Proc. No. 17-08324-rdd) filed in Debtor's 2017 bankruptcy case – which case was also filed on the eve of a foreclosure sale duly scheduled by Tri-State.

6. Additionally, on March 19, 2018, Tri-State filed a Verified Petition (the "**Petition**") in the matter captioned *Application of Tri-State III LLC, Petitioner, against Caren Litkowski and Nathan Litkowski a/k/a Nathan Litchkowsky, Respondents*, Index No. 031504/2018, in the Supreme Court of the State of New York, County of Rockland (the "**Proceeding to Stay Arbitration**").

7. In the Proceeding to Stay Arbitration, Tri-State sought to have a certain Notice of Intent to Arbitrate-Demand for Arbitration, dated March 5, 2018 (the "**Arbitration Demand**") sent by respondents Caren Litkowski and Nathan Litkowski a/k/a Nathan Litchkowsky (collectively, "**Respondents**") concerning the Premises permanently stayed and enjoined (which relief was granted by the State Court).

8. Copies of the Petition and the exhibits thereto are collectively annexed hereto as **Exhibit A**. Included in those exhibits is the Membership Interest Purchase Agreement disclosing that on October 4, 2017, Racebrook Capital Advisors, LLC ("**Racebrook**") became the sole owner of Tri-State and all of its assets.

9. Tri-State also submitted the affidavit of David Lichtenstein dated March 16, 2018 (the "**Lichtenstein Affidavit**"), which confirms, among other things, that "[a]s of October 4, 2017, SAYT transferred and conveyed its 100% interest in Tri-State and all assets of Tri-State to Racebrook…including the Note, Mortgage and the judgment of foreclosure obtained in the Foreclosure Action." A copy of the Lichtenstein Affidavit is annexed hereto as **Exhibit B**.

10. On May 7, 2018, I also executed an affidavit confirming, among other things, that Racebrook is the owner of Tri-State and its assets. A copy of this affidavit is annexed hereto as **Exhibit C**.

11. In the Debtor's 2017 Bankruptcy Case, on January 12, 2018, the Court granted Tri-State's motion for relief from the automatic stay, finding that Tri-State is the secured creditor of Debtor with respect to the Premises. *See In re Litkowski*, 17-22964-rdd, ECF Doc. No 40.

12. Tri-State is the secured creditor of the Debtor with a valid lien and security interest and judgment of foreclosure against the Premises.

### TRI-STATE'S CONTINUING EFFORTS TO PROTECT ITS COLLATERAL

13. On or about November 29, 2011, a predecessor in interest to Tri-State initiated a foreclosure action against the Premises (the "**Foreclosure Action**") now entitled *Tri-State III LLC v. Caren Litkowski, Nathan Litkowski a/k/a Nathan Litchkowsky, National City Bank, "John Doe" and "Jane Doe"* (Index No. 33977/2011), by filing a Summons and Complaint with the Rockland County Clerk in the Supreme Court of the State of New York, County of Rockland (the "**State Court**"). Copies of the Summons and Complaint are collectively annexed hereto as **Exhibit D**.

14. On or about January 12, 2012, Debtor and her husband Nathan Litkowski a/k/a Nathan Litchkowsky ("**Mr. Litkowski**" and together with Debtor, the "**Defendants**") interposed an Answer to the Complaint. The Answer included affirmative defenses and counterclaims against the lender. A copy of the Answer is attached hereto as **Exhibit E**.

15. On March 29, 2016, the State Court entered an order (the "**State Court Order**") that, among other things, granted summary judgment against the Defendants, struck the Defendants' Answer to the Complaint, denied the Defendants' cross-motion and appointed a foreclosure referee. A copy of the State Court Order is annexed hereto as **Exhibit F**.

4

16. On May 8, 2017, the Rockland County Clerk entered a Final Judgment of Foreclosure and Sale (the "**Foreclosure Judgment**") in favor of Tri-State that had been signed by the State Court justice on May 5, 2017. A copy of the Foreclosure Judgment is annexed hereto as **Exhibit G**.

17. Among other things, the Foreclosure Judgment found that the amount due to Tri-State under the mortgage upon the Premises was $1,039,872.10[1] plus interest, legal fees, referee fees and costs and disbursements. *See* Exhibit G.

18. The Premises was set down for sale at a foreclosure auction scheduled for 10:00 a.m. on June 20, 2017. Copies of the Affidavits of Publication and Posting of the foreclosure auction notice are collectively annexed hereto as **Exhibit H**.

19. On June 19, 2017, the day before the scheduled foreclosure auction of the Premises, Debtor filed a voluntary petition under Chapter 7. As a result of the automatic stay imposed thereby, the auction was cancelled.

20. The Debtor thereafter converted the case to Chapter 13 (17-22964 ECF Doc. No. 9) and the case was later dismissed as a result of the Debtor essentially failing to prosecute the case (17-22964 ECF Doc. No. 44).

21. On November 15, 2017, Tri-State filed a motion for relief from the automatic stay to permit Tri-State to proceed with the foreclosure sale (17-22964 ECF Doc. No. 32).

22. On January 12, 2018, the Court granted Tri-State motion for relief (17-22964 ECF Doc. No. 40).

23. Notwithstanding the Court's order, Tri-State was compelled to respond in State Court to Debtor's attempts to compel a religious tribunal to vacate the foreclosure judgment.

---

[1] Two numbers in the judgment amount were transposed and should read $1,039,827.10.

Debtors efforts delayed the scheduling of the foreclosure, but were ultimately unsuccessful. Debtor's demand for arbitration was permanently enjoined and her request to dismiss the foreclosure action was denied. In fact, by order of the State Court dated January 28, 2019, Tri-State was ordered to proceed with the foreclosure sale within 60 days of the date of the order.

24.     Accordingly, the Premises was once again set down for sale at a foreclosure auction scheduled for 10:00 a.m. on March 11, 2019. Copies of the Affidavits of Publication and Posting of the foreclosure auction notice are collectively annexed hereto as **Exhibit I**.

25.     However, on March 8, 2019, Debtor filed a voluntary petition under Chapter 13. As a result of the automatic stay imposed thereby, the auction was **cancelled again**.

26.     On March 11, 2019, the Debtor converted the case to one under Chapter 7.

27.     As fully set forth in the Teitelbaum Declaration, Tri-State has continued its efforts to protect its collateral in both state and bankruptcy court.

**RELIEF FROM THE AUTOMATIC STAY IS APPROPRIATE**

28.     Tri-State is holder and owner of the Note, Mortgage and Foreclosure Judgment.

29.     As of the Petition Date, the accrued amount due to Tri-State for principal and interest along with permitted fees and expenses pursuant to the Foreclosure Judgment is not less than $1,337,003.44. In addition, fees and expenses with respect to the Premises and the Foreclosure Judgment continue to accrue.

30.     While Tri-State has not yet commissioned its own appraisal of the Premises, in Section D, Category 4 of the Chapter 13 Plan proposed in her 2017 Case, Debtor asserts and admits that the value of the Premises is $500,000.00 based upon a paid appraisal dated July 28, 2017.

31.     Accepting Debtor's assertion as true for the purposes of this Motion only, Debtor has no equity in the Premises and the Premises is therefore not necessary to this bankruptcy case.

32. Upon review of the Debtor's schedules and petition, Tri-State asserts that there is no legal or factual basis to schedule Tri-State's claim as disputed, let alone unsecured. Tri-State's rights as a secured creditor have been previously determined by the State Court and this Court, and the amount of Tri-State's claim is liquidated pursuant to the Foreclosure Judgment.

33. It is submitted that the latest bankruptcy filing was done in bad faith with no purpose other than to hinder, delay and defraud creditors, including Tri-State.

34. Tri-State has incurred and will continue to incur substantial legal fees, costs and expenses (including paying taxes for the Premises). Without an in-rem order, Tri-State cannot be assured that the Debtor will not try to further delay or derail the foreclosure sale. Tri-State continues to be materially harmed by the delay and the accrual of interest, costs, fees and expenses.

35. For all of these reasons, we respectfully request that the Court grant the relief sought in the Motion.

Sworn to this 13th day of March, 2019

_____
Jonathan Cuticelli

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

On the 13th day of March in the year 2019, before me, the undersigned, personally appeared Jonathan Cuticelli, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity as Director of Tri-State III LLC, and that the statements made herein were made under penalty of perjury, by his signature(s) on the instrument, the individual, executed the instrument.

_____
Notary Public

KEVIN C CHILDS
Notary Public - State of New York
NO. 01CH6267728
Qualified in New York County
My Commission Expires 08/20/2020

7